## APPEAL OF WALTER L. HOPKINS.

Docket No. 1476.  Submitted April 27, 1925.  Decided September 8, 1925.

Salary credited to the taxpayer on the books of the corporation in the year 1920, but not available for his use, is not taxable to him for that year.

C. J. McGuire, Esq., and H. A. Tufel, Esq., for the taxpayer.
J. Harry Byrne, Esq., for the Commissioner.

Before IVINS, MARQUETTE, and MORRIS.

This appeal is from a determination of a deficiency of $11,016.24 in income taxes for the year 1920, an overassessment for $2,211.95 having been found for the year 1921. From the oral and documentary evidence presented at the hearing the Board makes the following

### FINDINGS OF FACT.

The taxpayer, during the year 1920, was secretary of the Wynkoop, Hallenbeck, Crawford Co., hereinafter referred to as the corporation. He received a fixed annual salary and, in addition, by an agreement entered into in 1915, extra compensation on a sliding scale based on the net profits of the corporation. The minutes of the special meeting of the board of directors of the corporation, held December 17, 1920, in which the salaries of officers were fixed for that year, read in part as follows:

Additional compensation under prior agreements between the corporation and the following persons, based on percentages of profits in the business for the period from May 31, 1919, to May 31, 1920, amounting to $299,183.09, computed by Mr. U. L. Leonhauser, adopting the same method as used in the report of Messrs. Lybrand Ross Bros. & Montgomery for the period ending May 31, 1919, was authorized to be distributed as compensation in addition to salaries previously fixed, as follows:

| | |
|---|---:|
| Mr. John C. Morrison, 10 per cent | $29, 918. 31 |
| Mr. Walter L. Hopkins, 15 per cent | 44, 877. 46 |
| Mr. Samuel Graydon, 10 per cent | 29, 918. 31 |
| Mr. John J. Hallenbeck as in previous year, 35 per cent | 104, 714. 08 |
| | 209, 428. 16 |

On motion duly made and carried it was resolved that 33⅓ per cent of the net profits of the business for the period from May 31, 1920, to December 31, 1920, computed by adopting the same method as the report of Messrs. Lybrand Ross Bros. & Montgomery, for the period ending May 31, 1919, shall be distributed as further compensation as follows:

| | |
|---|---:|
| Mr. John J. Hallenbeck, 17 per cent of the whole profits | $23, 434. 01 |
| Mr. John C. Morrison, 7.46 per cent of the whole profits | 10, 283. 39 |
| Mr. Walter L. Hopkins, 4.43 per cent of the whole profits | 6, 106. 63 |
| Mr. Samuel Graydon, 4.43 per cent of the whole profits | 6, 106. 62 |
| Total, 33.32 per cent of the whole profits | 45, 930. 65 |

It was also resolved that 33⅓ per cent of said net profits be applied to the retirement of the debt of this corporation to the estate of Harry C. Hallenbeck, deceased, and the balance of said profits be held for a working surplus or to be used in such manner as the board of directors may from time to time decide.

On motion duly made and seconded, it was resolved that the salaries of the officers of the corporation shall be as follows:

| | |
|---|---:|
| Mr. John J. Hallenbeck | $25, 000 |
| Mr. John C. Morrison | 15, 000 · |
| Mr. Walter L. Hopkins | 12, 000 |
| Mr. Samuel Graydon | 12, 000 |

which shall be retroactive to the 1st day of January, 1920.

It was orally agreed between the taxpayer and the three other officers of the corporation who had similar agreements with respect to extra compensation that such compensation for 1920 would be drawn only as funds were actually available therefor, and only with

the mutual consent of all four. May 2, 1921, a resolution to that effect was passed by the board of directors. Of the total authorized salary for the year 1920 of $62,984.09 the taxpayer received in cash during that year $22,099.93. The corporation credited the taxpayer on its books of account with $62,984.09 for 1920 and deducted the amount so credited from its gross income for such year in making its tax return. The total amount due officers as of December 31, 1920, for compensation was $281,671.81. The cash balance of the company at that time was $18,805.98. On June 30, 1921, the corporation was in debt to the estate of H. C. Hallenbeck in the amount of $276,837.23, for which there was a chattel mortgage on the plant assets, and to the officers for salaries in the amount of $262,828.35. In order to place the corporation in a position where it could borrow money, the estate and the officers agreed to reduce their claims by the acceptance of $400,000 7 per cent cumulative preferred stock, par value $100, of which the estate took $275,000, and the four officers $125,000, of which the taxpayer received $30,000. In addition thereto he received $17,358.88 in cash of the amount credited to his account as of December 31, 1920. The taxpayer still holds all the stock so accepted by him, except 100 shares which he sold in 1923 to John J. Hallenbeck for $25 a share. No dividends have ever been paid on the stock.

The taxpayer's books were kept and his returns filed on a cash receipts and disbursements basis, while the corporation books and its returns were on the accrual basis.

In his return for the year 1920 the taxpayer included the cash actually received, while the Commissioner determined that the amount credited to him by the corporation as salary for the year 1920, in excess of the amount actually paid, was constructively received, and included it in his income for that year, resulting in the deficiency hereinabove set forth, from which this appeal is taken.

### DECISION.

The deficiency should be computed in accordance with the following opinion. Final determination will be settled on consent or on 10 days' notice, under Rule 50.

### OPINION.

Morris: The sole question involved in this appeal is whether compensation earned by and credited to the taxpayer on the books of the corporation in 1920 was constructively received and therefore taxable to him for that year. That credits to officers and employees on the books of a corporation for undrawn salary balances do not necessarily subject them to tax thereon is well settled by the decisions of this Board. *Appeal of H. C. Couch*, 1 B. T. A. 103; *Appeal of*

*A. Bluthenthal*, 1 B. T. A. 173; *Appeal of A. L. Englander*, 1 B. T. A. 760; *Appeal of J. M. Edmunds*, 1 B. T. A. 998; *Appeal of Nicholas J. Maisel, Jr.*, 2 B. T. A. 66; *Appeal of Thomas Bemis, Sr.*, 2 B. T. A. 255. In view of the agreement between the officers of the corporation that the extra compensation for 1920 would be drawn only as funds were actually available therefor and that as against the credits to officers for salary as of December 31, 1920, of $281,671.81 the corporation had a cash balance of only $18,805.98, we are of the opinion that the undrawn salary balances were not available for their use and therefore not constructively received in the year 1920. *Appeal of A. L. Englander, supra.*

ARUNDELL not participating.

